UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

GIOCAR AMERICA, INC., a Nevada corporation,

                    Plaintiff(s),

    v.

INDUSTRIAS GALFER S.A,, a Spanish Sociedad Anonima,

                  Defendant(s).

Case No.2:25-CV-1250  JCM (DJA)

ORDER

Before the court is defendant Industrias Galfer S.A.'s motion to dismiss the amended complaint. (ECF No. 31). Defendant contends that the case should be dismissed for forum non conveniens because the parties executed a distribution agreement containing a forum selection clause identifying Spain as the forum.

Courts generally apply federal contract law to interpret a forum selection clause, unless the agreement containing the clause dictates otherwise. *See Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1086 (9th Cir 2018); *E. J. Gallo Winery v. Andina Licores S.A.*, 446 F.3d 984, 994 (9th Cir. 2006); *Abemarle Corp. v. Astrazeneca UK Ltd.*, 628 F.3d 643, 651 (4th Cir. 2010); *Yavuz v. 61 MM, Ltd.*, 465 F.3d 418, 430 (10th Cir. 2006) (holding that courts should "ordinarily honor" an international commercial agreement's forum selection clause as construed under the choice of law provision); *Stellia Ltd. v. B+S Card Serv. v. GmbH*, No. 2:12-cv-01099, 2013 WL 1195709, at *5 (D. Nev. Mar. 22, 2013) (validity of forum selection clause governed by jurisdiction specified in choice of law provision).

Here, the parties expressly agreed that the distribution agreement "shall be governed by Spanish legislation." (ECF No. 31, Ex. 2 ¶ 25.1). Thus, the forum selection clause must be

assessed under Spanish law. *See, e.g.*, *E. J. Gallo Winery*, 446 F.3d at 994.

One of the issues presented to the court is the scope of the agreement (i.e., does the clause cover the disputes in issue). This is a matter of contract interpretation; however, the only briefing that the parties have provided on Spanish law concerns whether the clause is mandatory or permissive.

**ACCORDINGLY**, the parties are **HEREBY ORDERED to provide supplemental briefing** on the interpretation of the scope of the forum selection clause, as it applies to the claims in issue, under Spanish law. There is no need to address *Bremen*'s "exceptional reasons" that a forum selection clause may not be enforced, as this is a separate concern. *See* 407 U.S. 1, 92 (1972)). Parties are limited to **four (4) pages each** and **must submit** their briefs **within seven days** of this order.

DATED April 8, 2026.

_____
UNITED STATES DISTRICT JUDGE